## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

SEP 1 1 2007

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| In Re: | | Case No. **00-39714** |
| **Thinktanks Worldwide** | § § § | |
| Debtor(s). | § | |

### Application for Payment of Unclaimed Funds
### and Certificate of Service

1.      I am making application to receive **$ 345.79**, which was deposited as unclaimed funds on behalf of **Dennis M. Lomax**
(*name of original creditor/debtor*).

2.      Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge that any other party may be entitled to, and is not aware of any dispute regarding the funds at issued based upon the following (*check the statement(s) that apply*):

☐    a.    Applicant is the creditor/debtor named in paragraph 1, and the owner of the funds appearing on the records of this Court, as evidenced by the attached documents.

☐    b.    Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to receive such funds, or who is authorized by the attached original Power of Attorney to file this application on behalf of the creditor/debtor.

☒    c.    Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or the representative of the assignee or successor-in-interest, as evidenced by the attached documents establishing chain of ownership and/or assignment.

☐    d.    Applicant is a duly authorized corporate officer (if a corporation) or a general partner (if a partnership) and a representative of the creditor/debtor named in paragraph 1.

☐    e.    Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1, as evidenced by the attached certified copies of death certificate and other appropriate probate documents substantiating applicant's right to act on behalf of the decedent's estate.

☐    f.    None of the above apply.  As evidenced by the attached documents, applicant is entitled to these unclaimed funds because:

_____
_____
_____

3.    I understand that pursuant to 18 U.S.C. § 152, I could be fined no more that $5,000, or
      imprisoned not more than five years, or both, if I have knowingly and fraudulently made
      any false statements in this document or accompanying supporting documents. I further
      understand that any indications of fraud detected by the Court will be turned over to the
      U.S. Attorney for possible prosecution.

4.    I declare under penalty of perjury under the laws of the United States of America that the
      foregoing statements and information are true and correct.

Dated:_____          Applicant's Signature _____
                                 Applicant's Name    **Sierra Liquidity Fund, LLC - c/o James S. Riley -**
                                 Address             **Assignee & Attorney-in-Fact for** *Dennis M. Lomax*
                                                     **2699 White Rd - #255, Irvine, CA  92614**
                                 Phone:        (_949) _660-1144 x 17

Subscribed and sworn before me this ___ day of *September* 2007 _____

                                 _____
                                 Notary Public
                                 State of CA
                                 My commission expires _____

CHRIS MACKEVICIUS
Commission # 1615410
Notary Public - California
Orange County
My Comm. Expires Oct 22, 2009

Attachments:  1. **Assignment of Unclaimed Funds Agreement**
              2._____
              3._____
              4._____

### Certificate of Service

I certify that on _____ (date), a true and correct copy of this application for
payment of unclaimed funds was served by first class United States Mail on the following:

U.S. Attorney
P.O. Box 61129
Houston, TX  77208

U.S. Trustee
515 Rusk Ave., Ste.3516
Houston, TX  77002

Other: _____
       _____
       _____

# Assignment of Unclaimed Funds Agreement

## United States Bankruptcy Court Southern District of Texas

This agreement (the "Agreement") is entered into between **DENNIS M LOMAX** ("Assignor") and Sierra Liquidity Fund, LLC or assignee ("Assignee") with regard to the following matters:

1.  Assignor in consideration of the sum of ▮▮▮▮ (the "Purchase Price"), does hereby transfer to Assignee all of the Assignor's right, title and interest in and to all of the Unclaimed Funds of Assignor, against *Think tanks WoRlDWide* (LEAVE BLANK) (affiliates, subsidiaries and other related debtors) (the "Debtor"), in Case #00-39714 (the "Proceedings") in the United States Bankruptcy Court, Southern District of Texas (the "Court"), in the current amount of not less than **$345.79 [the "Unclaimed Funds"]**, and all rights and benefits of the Assignor relating to the Unclaimed Funds including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Unclaimed Funds, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor or the Court in satisfaction of the Unclaimed Funds, right to litigate, receive litigation proceeds and any and all voting rights related to the Unclaimed Funds. The Unclaimed Funds are based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2.  Assignee shall be entitled to all distributions made by the Debtor or the Court on account of the Unclaimed Funds, even distributions made and attributable to the Unclaimed Funds being allowed in the Debtor's case, in an amount in excess of the Unclaimed Funds amount. Assignor represents and warrants that the amount of the Unclaimed Funds is not less than **$345.79**, that this amount is the true and correct amount owed by the Debtor or the Court to the Assignor, and that no valid defense or right of set-off to the Unclaimed Funds exists.

3.  Assignor further represents and warrants that no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Unclaimed Funds, that Assignor has not previously assigned, sold or pledged the Unclaimed Funds, in whole or in part, to any third party, that Assignor owns and has title to the Unclaimed Funds free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Unclaimed Funds or to impair its value.

4.  Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Unclaimed Funds, and that such collection of such amount will be dependent on the Assignees ability to collect the Unclaimed Funds amount from the Debtor or the Court. Assignor acknowledges that, except as set forth in this agreement, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Unclaimed Funds. Assignor represents that it has adequate information concerning the business and financial condition of the Debtor and the status of the Proceedings to make an informed decision regarding its sale and assignment of the Unclaimed Funds.

5.  Assignee will assume all of the recovery risk in terms of the amount paid on the Unclaimed Funds, if any. Assignee does not assume any of the risk relating to the amount of the Unclaimed Funds attested to by the Assignor. In the event that the Unclaim Funds are disallowed, reduced, subordinated or impaired for any reason whatsoever, Assignor agrees to immediately refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Unclaimed Funds amount disallowed divided by the Unclaimed Funds Amount. The Assignee, as set forth below, shall have no obligation to otherwise defend the Unclaimed Funds, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Unclaimed Funds. The Assignee or Assignor shall have the right to defend the Unclaimed Funds, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses.

6.  To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee or James S. Riley as its true and lawful attorney and authorizes Assignee or James S. Riley to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Unclaimed Funds, litigate for any damages, omissions or other related to the Unclaimed Funds, vote in any proceedings, or any other actions that may enhance recovery or protect the interests of the Unclaimed Funds. Assignor grants unto Assignee full authority to do all things necessary to enforce the Unclaimed Funds and Assignor's rights there-under. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Unclaimed Funds' validity or amount in the Proceedings or in any other dispute arising out of or relating to the Unclaimed Funds, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Unclaimed Funds and any payments or distributions on account of the Unclaimed Funds to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and

7.  Assignor shall forward to Assignee all notices received from the Debtor, the court or any third party with respect to the Unclaimed Funds, and shall take such action with respect to the Unclaimed Funds in the proceedings, as Assignee may request from time to time, including the provision to the Assignee of all necessary supporting documentation evidencing the validity of the Assignor's Unclaimed Funds.  Assignor acknowledges that any distribution received by Assignor on account of the Unclaimed Funds from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

8.  In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

10.  The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

11.  Assignor hereby acknowledges that Assignee may at any time further assign the Unclaimed Funds together with all rights, title and interests of Assignee under this Agreement.  All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement.  This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

12.  This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Assignee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

13.  This Agreement shall be governed by and construed in accordance with the laws of the State of California.  Any action arising under or relating to this Agreement may be brought in any state or federal court located in California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waive any right to demand a trial by jury.  **Please include any documents you may be in possession of which evidence your right to the Unclaimed Funds.  If you do not have any documents you may still submit the Assignment of Unclaimed Funds.**

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned **Assignor** hereto sets his hand this __14__ day of __August__, 2007.

**ATTEST**

**By** _____
Signature

Name  __Dennis Limar__

Phone Number  __954-946-6610__

Street Address  __113 Davit dox__

City, State & Zip  __North Palm Beach FL 33408__

Fax Number  __954-782-6540__

Email  __DLimare Summit brokerage.c__

*YOUR SIGNATURE ABOVE MUST HAVE A NOTARY ACKNOWLEDGEMENT AND STAMP IN THE SPACE BELOW*

Subscribed and sworn to before me this __14__ day of __August__, 2007.

_____
Signature of Notary Public

NOTARY PUBLIC-STATE OF FLORIDA
**Leslie E. Fleming**
Commission # DD421241
Expires: APR. 21, 2009
Bonded Thru Atlantic Bonding Co., Inc.

Sierra Liquidity Fund, LLC *et al.*
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632 jriley@sierrafunds.com

Agreed and Acknowledged,
Sierra Liquidity Fund, LLC          8/1/07